# MAY TERM, 1794.

## THOMAS WHITLEDGE *v.* THOMAS McCLANAHAN.

### *In Chancery.*

This suit was brought in the supreme court for the district of Kentucky, and the papers were removed to this court by virtue of the act of assembly of Kentucky, passed at the fall session, 1792,

entitled, "An act to provide for the preservation, removal and disposal of the records of the late supreme court for the district of Kentucky, and for other purposes."

Thomas Whitledge, on the 27th day of December, in the year 1779, obtained from the court of commissioners the following certificate, to-wit:

"Thomas Whitledge by Richard Henderson, this day claimed a settlement and pre-emption, in the district of Kentucky, lying on the middle branch of Cooper's run, waters of Licking, at a small spring with the two first letters of John Townshend's name cut on a tree, by the said Whitledge's settling and raising a crop of corn in the year 1776. Satisfactory proof being made to the court, they are of opinion, that the said Whitledge has a right to a settlement of 400 acres of land, to include the above location, and the pre-emption of 1,000 acres of land, certificate issue accordingly."

And on the 3d day of February, in the year 1780, entered his certificate for settlement with the county surveyor, in the following words, to-wit:

"Thomas Whitledge enters 400 acres by certificate, etc., lying on the middle fork of Cooper's run, waters of Licking, at a small spring with the two first letters of John Townshend's name cut on a tree."

And having obtained a pre-emption warrant, entered the same on the 10th day of January, 1783, with the county surveyor, in the following words, to-wit:

"Thomas Whitledge enters a pre-emption warrant of 1,000 acres, No. 723, adjoining his settlement, on the middle fork of Cooper's run, waters of Licking creek, beginning on the east corner of his north line of his settlement, and running thence north 60 east, 253 poles; thence north 30 west, 334 poles; thence at right angles, south 60 west, 668 poles; thence south 30 east, 334 poles, to include the beginning, to contain the quantity."

And having surveyed the said settlement and pre-emption, in the manner described on the connected plat, obtained patents for the same.

But a certain Daniel Wilcoxson, having on the 10th day of June, in the year 1780, obtained from the said commissioners the following certificate, to-wit:

"Daniel Wilcoxson this day claimed a settlement and pre-emption to a tract of land in the district of Kentucky, lying about

eight or nine miles from Bryan's station, on the dividing ridge between the big fork of Elkhorn, and Cooper's run, a branch of Licking creek, including a sinking spring; by settling in the country in the year 1777, and residing ever since. Satisfactory proof being made to the court, they are of opinion, that the said Wilcoxson has a right to a settlement of 400 acres of land, to include the above location, and the pre-emption of 1,000 acres adjoining, and that a certificate issue accordingly."

Assigned the certificate to the defendant, Thomas McClanahan, who on the 3d day of February, in the year 1780, entered the certificate for settlement with the county surveyor, in the following words, to-wit:

"Thomas McClanahan, assignee of Daniel Wilcoxson, enters 400 acres by certificate, etc., lying about eight or nine miles from Bryan's station, on the dividing ridge between the big fork of Elkhorn and Cooper's run, including a sinking spring."

And having obtained a pre-emption warrant, the said defendant also entered the same with the county surveyor on the 26th day of April, in the year 1780, in the following words, to-wit:

"Thomas McClanahan, assignee of Daniel Wilcoxson, enters 1,000 acres by pre-emption warrant, joining his settlement on the dividing ridge, between Elkhorn and Licking, about seven miles from Bryan's station."

And having surveyed the said settlement and pre-emption in the manner described on the connected plat, obtained patents of earlier dates than those of the complainant.

The annexed connected plat, No. 23, was returned in this cause, of which the following is an explanation:

7

Whitledge v. McClanahan.

GHIK, Thomas Whitledge's settlement according to survey, containing 488 acres. GLMNOKIH, Thomas Whitledge's pre-emption according to survey, containing 1,159 acres. ABCD, Thomas McClanahan's settlement as assignee of Daniel Wilcoxson, according to survey, containing 397 acres. CDEF, Thomas McClanahan's pre-emption as assignee of Daniel Wilcoxson, according to survey, containing 1,076 acres. W, the spring at which Thomas Whitledge lives. IT, the spring at which those letters were cut on a tree. S, a sinking spring in Wilcoxson's settlement. 1 to 2, waters of Elkhorn. The double dotted line the dividing ridge, between the waters of Elkhorn and Licking. The single dotted line the course and distance from the dividing ridge to McClana-

han's beginning, which is north 39 east, 170 poles.    3 to 4, the middle fork of Cooper's run.    3 to 5, the east fork of Cooper's run.

The complainant filled his bill alleging that the defendant had surveyed contrary to location, particularly in surveying the pre-emption on the north of the settlement, when by the true con-struction of the entry on pre-emption warrant, it ought to have lain all around the settlement, and praying that the defendant might be compelled to convey the interference, etc.

The defendant stated in his answer that the complainant had surveyed contrary to his locations, not having included the spring at which the letters I T, were cut, in the center of his settlement survey.

The following is a summary of the testimony in this cause.

John Martin swore, that Thomas Whitledge did make an im-provement on Cooper's run in 1776, and that he believed the place where Whitledge has since lived to be the place he improved.

Edward Bradley swore, that in 1776, he was at the place desig-nated in the plat I T, at which time he saw an improvement there, two trees girdled, and a tree marked with the letters I T, put on with coal or powder, which was done by John Townshend, who gave the said improvement to him, and he entered Thomas Whit-ledge's settlement and pre-emption on it with the commissioners.

He said he never saw any improvement above, and understood from the company who was with him, that the complainant's improvement was below.

Robert Whitledge swore, that the complainant, Edward Bradley, himself and others, were on Cooper's run in April, 1776, improv-ing land.

That he always considered the place where the complainant lives, to be his improvement, and knew that he planted corn there in 1776, and made dividing lines.

John Waller swore, that in the spring of 1790, he was employed by the complainant, to measure the distance between the dividing ridge, between Elkhorn and Licking, and Bryan's station.

That he began at a large ash and small elm, said to be on the nearest part of the ridge to the defendant's settlement and pre-emption, and that the general course from thence to Bryan's station, was south 14 degrees west, and the distance 2,970 poles.

Patrick Jordan swore, that in May 1776, he was on Cooper's run, and saw two trees girdled, which John Townshend told him

he had made, and that he would give him the improvement, which he said he accepted, and afterward improved at it.

He said when the commissioners sat in Kentucky, he disputed with Thomas Whitledge about it, it interfering with the claim of Whitledge just below, as he was informed by John Martin, therefore he gave it up.

This cause came on to be heard at the October term, 1793, and by consent of the defendant it was now decreed:

BY THE COURT.—That the complainant recover the whole of the interference. That the defendant convey, etc., and pay to the complainant his costs.